UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN LEE ERWAY,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

Case No. 1:19-cv-13388
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## ORDER GRANTING THE COMMISSIONER'S REQUESTS TO CONTINUE THE STAY IN THIS MATTER (ECF Nos. 20 & 21)

Plaintiff Alan Lee Erway filed this social security appeal in November 2019. The record of this case now contains the transcript, the cross-motions for summary judgment, and Plaintiff's reply. (ECF Nos. 10, 14, 15, 16.) In his March 12, 2020 dispositive motion, Plaintiff presents two issues:

1. The ALJ's RFC determination is not supported by substantial evidence where he improperly discounted Plaintiff's subjective reports of disabling impairments.

2. Plaintiff's case was adjudicated by an improper and unconstitutionally appointed ALJ, and should be remanded for a new hearing with a different and constitutionally appointed ALJ.

(ECF No. 14, PageID.1083.)

On July 21, 2020 – approximately three months after briefing in this case closed, the Commissioner alerted the Court to "two recent unanimous, published decisions from the Eight and Tenth Circuits, which address the same question now pending before the Court in this case[,]" (ECF No. 17), namely: (1) *Carr v. Comm'r, SSA*, 961 F.3d 1267, 1268 (10th Cir. June 15, 2020) ("whether Social Security disability claimants waive Appointments Clause challenges that they failed to raise in their administrative proceedings."), *cert. granted sub nom. Carr v. Saul*, No. 19-1442, 2020 WL 6551771 (U.S. Nov. 9, 2020); and, (2) *Davis v. Saul*, 963 F.3d 790, 791 (8th Cir. June 26, 2020), *cert. granted*, No. 20-105, 2020 WL 6551772 (U.S. Nov. 9, 2020). Ultimately, the Commissioner advocated that "this Court should likewise hold that plaintiff forfeited his Appointments Clause claim." (ECF No. 17, PageID.1145.)

On September 1, 2020, the Sixth Circuit weighed-in on this issue. Having considered whether "the claimants [must] have raised their Appointments Clause challenge before the ALJ in order to preserve that challenge for judicial review[,]" the Sixth Circuit held that "a claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by failing to raise that claim before the agency." *Ramsey v. Comm'r of Soc. Sec.*, No. 19-1579, 973 F.3d 537, 540, 547 (6th Cir. 2020) (footnote omitted). Although the Sixth Circuit has yet to issue the

mandate, the Commissioner's *opposed* December 1, 2020 motion to stay the mandate is currently pending before the Sixth Circuit.

Meanwhile, on October 22, 2020, I entered an order granting as unopposed Defendant's motion to stay this case. (ECF No. 19.) Currently before the Court are the Commissioner's requests to continue the stay in this matter. (ECF Nos. 20 & 21.) Upon consideration, the Commissioner's requests (ECF Nos. 20 & 21) are **GRANTED**. In sum, the foregoing and current procedural posture of *Ramsey*, *Carr* and *Davis* makes clear that a continuation of the stay is appropriate pending the conclusion of appellate proceedings in those matters <u>or</u> until this Court orders otherwise.

**IT IS SO ORDERED.**

Dated: December 9, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE